# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

| | |
|---|---|
| ERNEST DEAN WADE, ) | |
| ADC # 88041 ) | |
|    Petitioner, ) | **Case No. 5:11-CV-00279 JMM-JTK** |
| ) | |
| v. ) | |
| ) | |
| RAY HOBBS, Director, ) | |
| Arkansas Department of Correction ) | |
|    Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Petitioner Ernest Dean Wade on October 26, 2011 (Doc. No. 2). A response was filed by Respondent Ray Hobbs on November 8, 2011 (Doc. No. 6). Petitioner did not file a reply. After reviewing the parties' briefing and the available evidence, the Court finds that the current action should be DISMISSED.

## Background

On August 7, 2008, a jury convicted Petitioner as an accomplice to possession of drug paraphernalia with intent to manufacture methamphetamine in the Washington County (Arkansas) Circuit Court. As a habitual offender, he was sentenced to 360 months' imprisonment in the Arkansas Department of Correction. Petitioner directly appealed his conviction to the Arkansas Court of Appeals, but the conviction was affirmed in an opinion issued September 2, 2009. *Wade v. State*, 2009 Ark. App. 560 (unpublished). The only argument

raised during his direct appeal was that the trial court erred in failing to suppress both a statement and physical evidence obtained by officers during a traffic stop. *Id.*

On October 22, 2009, Petitioner filed a motion for postconviction relief pursuant to Ark. R. Crim. P. 37.1, presenting several arguments of ineffective assistance of counsel. His petition was denied on March 12, 2010, and his subsequent appeal to the Arkansas Supreme Court was denied on October 6, 2011. *Wade v. State*, 2011 Ark. 411 (unpublished). Although Petitioner raised several arguments concerning ineffective assistance of counsel, the only argument that is relevant to his current federal habeas petition is the argument that his counsel was ineffective because he failed to request a mistrial when several omnibus hearings were conducted without Petitioner's knowledge, consent, or participation. The Arkansas Supreme Court held that this was essentially a due process argument and "that such claims are not cognizable in a Rule 37.1 petition." *Id.* at *6.

## Discussion

Petitioner requests relief pursuant to 28 U.S.C. § 2254, alleging that his due process rights were violated because he "was denied [his] right[] to be present at all omnibus hearings . . . ." Pet. 5, Doc. No. 2. His explanation of his grounds for relief is limited to the sentence quoted above.

Rule 2(c)(2) of the Rules Governing Section 2254 Cases requires that petitions "state the facts supporting each ground" for relief. "[T]he habeas petition, unlike a complaint, must allege the factual underpinning of the petitioner's claims." *McFarland v. Scott*, 512 U.S. 849, 860 (1994) (O'Connor, J., concurring in part and dissenting in part). In fact, Rule 4 of the Rules Governing Section 2254 Cases requires that courts dismiss petitions when it is plainly apparent that the petitioner is not entitled to relief. Courts routinely dismiss claims that are merely conclusory and speculative. *See, e.g.*, *McDonald v. Bowersox*, 101 F.3d 588, 596 n.7 (8th Cir.

3

1996) ("On their face, [petitioner's] bare assertions have failed to state a cognizable . . . claim entitling him to habeas relief.").

It is impossible to reach the merits of Petitioner's claim because he has failed to provide any factual support or explanation. For instance, Petitioner has not indicated which hearings he was not present at, how many hearings he was excluded from, or when these hearings took place. Further, the record shows that Petitioner was present at the only pretrial hearing that appears to have been held. Resp. Ex. 7, Doc. No. 6.

In any event, Petitioner's claims are also procedurally barred. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

As noted above, Petitioner's Rule 37 petition essentially raised the same argument that is currently presented, but the state courts were unable to reach the merits of this argument because

4

a Rule 37 petition is not the appropriate avenue for raising such an argument under Arkansas law. Further, there is no indication that Petitioner ever raised this argument at trial or during his direct appeal. Thus, he failed to properly exhaust his remedies in accordance with state procedure. *Welch*, 616 F.3d at 758.

Petitioner does not argue that he can show cause and prejudice. "Nor does he contend that enforcing the procedural default rule would result in 'a miscarriage of justice' by denying relief to a prisoner who is 'actually innocent,' that [this] procedural requirement is not firmly established and regularly followed, or that the state ground is otherwise inadequate." *Id.* at 760 (internal citations omitted). Thus, Petitioner failed to properly exhaust his remedies, and his procedural default prevents any federal consideration of his claims.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 2) pursuant to 28 U.S.C. § 2254 be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 31st day of May, 2012.

_____
United States Magistrate Judge